## Jones's Trust Estate.

*Trusts and trustees—Voluntary deed of trust—Termination of trust—Fraud—Rule against perpetuities.*

1. A voluntary deed of trust will be sustained and enforced in favor of the beneficiaries, unless it be shown that it was procured by fraud or executed under a misapprehension of the facts or law.

2. A voluntary deed of trust will not be terminated at the instance of the settlor, where its object was not only to provide for the suitable education of younger children, but also to secure a life income for the settlor and her husband and their children, and to preserve the corpus for grandchildren.

3. The validity of a life estate or succession of life estates at the death of the testator, or during the life or lives in being and twenty-one years thereafter, is not affected by reason of ultimate limitations which transgress the rule against perpetuities.

Argued May 13, 1925. Appeal, No. 319, Jan. T., 1925, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1924, No. 11300, dismissing petition to terminate trust in trust estate of Elizabeth M. Jones. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition to terminate trust estate. Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Elizabeth M. Jones, settlor, appealed.

*Error assigned* was decree, quoting it.

*Frank A. Harrigan,* for appellant.—Within the instrument itself there is no provision for a vesting of the ultimate estate within the rule against perpetuities, viz, lives in being and 21 years thereafter, because, while the settlor's children are vested with the life estate now as a class, this estate is liable to open and it might well be

that the vesting of the ultimate estate in her grandchildren, if she now had a child born, would be postponed for a matter of 60 or 70 years: Lilley's Est., 272 Pa. 143; Geissler v. Trust Co., 257 Pa. 329; Gerber's Est., 196 Pa. 366.

*John Stokes Adams,* for appellee.

OPINION BY MR. JUSTICE WALLING, June 27, 1925:

On October 30, 1913, Elizabeth M. Jones and her husband, J. Levering Jones, of Philadelphia, duly executed a deed of trust to the Integrity Title Insurance, Trust & Safe Deposit Company et al., for certain bonds and other securities therein described, being, so far as appears, the property of Mrs. Jones. The deed provides, inter alia, as follows: "in trust, for the following uses, purposes and trusts, that is to say, to keep the said securities and assets and any reinvestments thereof, and to collect and receive the interest, dividends and income arising therefrom, and, after deducting any taxes, charges or expenses properly chargeable to the trust estate, to pay over the whole net income, when and as received, to the said Elizabeth M. Jones for and during the whole period of her life, and at the death of the said Elizabeth M. Jones the income of one-third of the said trust fund shall be paid to J. Levering Jones, the husband of the said Elizabeth M. Jones, for and during the period of his natural life, and, subject to this interest, the residue of the income of the said trust fund shall be applied as far as the same may be necessary for the education of the youngest children of the said Elizabeth M. Jones until they respectively arrive at the age of twenty-four years, the intent and purpose being that my younger children should receive an education that will be equal to that which my elder children have received, or are now receiving. If any surplus should remain after such application to the education of my younger children, then the said surplus shall be divided equally among my

other children, and, if the income of all the said trust estate should prove insufficient for giving my younger children up to the age of twenty-four years respectively the education of the character hereinabove referred to, then and in such case so much of the principal of the said trust funds may be applied for the purpose of such education as the executors and trustees of the said Elizabeth M. Jones may consider best. Subject to the foregoing provisions, the said trust upon the death of the said Elizabeth M. Jones shall continue, and the income of the same shall be divided among all of the children of the said Elizabeth M. Jones in equal shares during their respective lives and the survivors and survivor of them, and upon the death of the last survivor then the principal of the said trust estate shall be divided in equal shares among any and all grandchildren who may be living at that time." The deed was entered of record in 1919 and the husband, J. Levering Jones, died in 1920. Hitherto the trust has been executed but early in the present year, the settlor, Mrs. Elizabeth M. Jones, petitioned the lower court to decree its termination. The youngest of her seven children will be twenty-four years old in July, 1925, and all are apparently content that her petition be granted, while the guardians of minor grandchildren submit themselves to the judgment of the court. The Integrity Trust Company, as trustee, however, filed an answer and objects to the termination of the trust. The deed as drawn is permanent and without power of revocation.

This appeal by Mrs. Jones, from the order dismissing her petition, cannot be sustained. As a general rule such a trust as is here in question is irrevocable, especially where as here it is active and voluntarily established. "The rule is that a voluntary settlement will be sustained and enforced in favor of the beneficiaries, unless it is shown that it was procured by fraud or imposition, or executed under a misapprehension of the facts or of the law": Potter v. Fid. Ins. Trust, etc., Co.

(No. 1), 199 Pa. 360, 365, and see King et al. v. York
Trust Co., 278 Pa. 141; Wilson v. Anderson, 186 Pa.
531; Rynd v. Baker, 193 Pa. 486, 494; Reese v. Ruth,
13 S. & R. 434, 435. True, equity may in certain cases
decree the termination of a trust at the instance of all
the parties in interest, but here, as in King et al. v.
York Trust Co., supra, it is impossible to determine now
who are or may become parties in interest; others en-
titled to share in the trust estate may come into being.
In the language of Mr. Justice SIMPSON, speaking for the
court, in Johnson v. Provident Tr. Co. of Phila., 280
Pa. 255, 259: "The requisite of consent of 'all who are
or may be interested,' can only mean that their combined
interests must be equivalent to an absolute title, which
cannot be defeated or divested by the happening of any
future event." In the instant case the trust was de-
liberately established and long adhered to; that the
settlor may now desire to change the disposition of the
property is no ground for setting it aside. The trust
deed became effective when executed and is in no sense
testamentary. Its object was not only to provide for
the suitable education of the younger children but to
secure a life income for Mr. and Mrs. Jones and their
children and preserve the corpus for the grandchildren.
Sufficient of this object still remains to require a con-
tinuance of the trust.

There is no merit in the suggestion that the trust is
at present void as violative of the rule against perpetui-
ties. In the case of Ledwith v. Hurst, 284 Pa. 94, at-
tention is called to the rule that life estates created
by will (and it is the same in case of a deed) will be
sustained although some ultimate attempted disposi-
tion of the property may be too remote, unless the
entire scheme of the will manifests an intent to tie up
the property in defiance of the rule against perpetuities.
In Whitman's Est., 248 Pa. 285, the present Chief
Justice, speaking for the court, quotes thus with ap-
proval that (p. 288), "The general doctrine of all our

cases is that the validity of a life estate or succession of life estates, at the death of the testator, or during a life or lives in being and 21 years thereafter, is not affected by reason of ultimate limitations which transgress the rule against perpetuities," and discusses the exception where the will exhibits a manifest scheme to violate the rule. Whitman's Estate has been followed in Strickler's Est., 250 Pa. 105, in Ewalt v. Davenhill et al., 257 Pa. 385 and in Lockhart's Est., 267 Pa. 390. In the present case it is clear the settlor had no thought of violating that rule; it would not be suggested by a life use for those in being and then absolutely to their children, and manifestly she had no others in mind; but it is contended for Mrs. Jones that, although sixty years of age, there is a legal possibility of her having other children, who might live more than twenty-one years after the death of those in being at the effective date of the deed. Without passing upon the validity of such contention it is sufficient to say that, in the absence of any scheme or intent to violate the rule, the estates for life of those in being are in any event valid and sufficient to support the trust.

The order appealed from is affirmed at the cost of the trust estate.