LEE B. FOSTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37841. Promulgated March 12, 1931.

*S. Leo Ruslander, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

718

720

OPINION.

MURDOCK: Counsel for the petitioner agreed that in some instances the securities had been sold for less than their fair market value on the day of sale. Thereafter, he limited his claim to the amount of the difference between the total cost and the total fair market value. The Commissioner stated in his deficiency letter that the trust was valid and he eliminated the income of the trust from the petitioner's income. But he said the petitioner could not deduct these losses under section 214 (a) (5) because by the trust instrument the petitioner was the equitable owner of the corpus of the trust fund and the alleged sales were merely changes in form without any change in substance.

The respondent's position is that the remainders attempted to be created in the trust instrument are to a class and may not vest until a child of the petitioner, not living at the date of the instrument, becomes forty years of age; thus the remainders are void under the rule against perpetuities; the preceding estates are valid; but by reason of the failure of all of the estates in remainder a resulting trust arises in favor of the grantor and his heirs and next of kin with respect to the principal; therefore, there can be no loss through such alleged sales. He cites a number of Pennsylvania cases in support of his rationale but he cites no authority for his conclusion. We will assume that he has correctly applied the law of Pennsylvania.

The life estates and the estates for years are valid and sufficient to support the trust. *Jones' Trust Estate*, 284 Pa. 90; 130 Atl. 314. They are not " mere agencies to accomplish a transgression " of the rule against perpetuities. A transgression of the rule was not the dominant intent of the settlor. Such cases as *Lilley's Estate*, 272 Pa. 143; 116 Atl. 392, and *Ledwith* v. *Hurst*, 284 Pa. 94; 130 Atl. 315, have no application.

The petitioner retained no right to revoke the trust and consequently has no such right. *Jones' Trust Estate, supra*. The trust is a taxable entity separate from the petitioner and has been so treated by the Commissioner. None of the income of the trust is payable to the petitioner for his own use during the continuation of the trust. The trust may continue long after the death of the petitioner. If he gives property to the trust he suffers no loss for tax purposes. But here he did not give, unless, as in the opinion of some, the excess of fair market value over sales price would be a gift. He sold. The bona fides of these sales has not been questioned. We have heretofore held that sales under similar circumstances establish losses. *Edward Mallinckrodt, Sr.*, 4 B. T. A. 1112; *Edward Mallinckrodt, Jr.*, 14 B. T. A. 194; *Ida C. Galloway et al.*,

*Executors*, 18 B. T. A. 1059. There is no reason why a different rule should be applied in this case. The claim for losses amounting to $19,084.70 is sustained.

*Judgment will be entered under Rule 50.*