L. B. FOSTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43086. Promulgated October 21, 1932.

*S. Leo Ruslander, Esq., George R. Benneman, Esq.,* and *Frank Wilbur Main, C. P. A.* for the petitioner.
*C. C. Holmes, Esq.,* for the respondent.

OPINION.

GOODRICH: Petitioner assails deficiencies asserted in the amounts of $434.35 for the year 1924 and $920.05 for 1925 which result from (1) respondent's action in denying as deductions from income in those years losses claimed upon sales of securities made by petitioner to the Fidelity Title & Trust Company, trustee of the Pauline Livingston Foster Trust; and (2) his action in including in petitioner's income for the year 1925 certain amounts which accrued from the above named trust to Pauline Livingston Foster, who was petitioner's wife.

The precise issue raised by the first allegation of error was previously fully considered by this Board in a case brought before us by this same petitioner involving his income-tax liability for the year 1923, and was decided adversely to respondent. See *Lee B. Foster*, 22 B. T. A. 717. As the facts here are identical with our findings in the first case, except, of course, as to the various sales, the amounts of losses sustained thereon and the period involved, it is unnecessary to repeat them. In the case now at bar the losses sus-

tained, modified from the amounts set out in the pleadings in accordance with our view expressed in the first reported case were: in 1924, $4,920; in 1925, $4,292.50. Since respondent has not appealed from our prior decision governing this issue and the principles thereof have not been rejected by higher authority, we adhere thereto and sustain petitioner's contention. The amounts above set out should be deducted from petitoner's income for those respective years.

With respect to the second issue, it appears that on petitioner's return for the year 1925, Question No. 3, reading: " Is this a joint return of husband and wife? " was answered, " Yes." However, the return reported only the individual income of this petitioner and contained no items whatsoever relating to the income of his wife. For the taxable year 1924 petitioner had filed a separate individual return on which this question had been answered, " No." It was petitioner's intention to file a separate return for 1925. In that year Mrs. Foster had no income except such as came to her as the beneficiary of the Pauline Livingston Foster Trust. For 1925 the trustee of that trust, following its previous practice, executed and filed a return on Form 1040, entitled " Estate of Pauline Livingston Foster." The tax disclosed thereby was duly paid and has not been refunded, nor has any claim for refund thereof been made. On this return was claimed an exemption of $1,500, while on the return filed by petitioner an exemption of $3,500, the full amount then allowed by statute, was claimed, together with a credit of $800 on account of two dependents. No other return relating to this trust was filed by the trustee for 1925. Petitioner's return was prepared for him by an accountant employed for that purpose, with whom petitioner co-operated in computing and determining the figures and amounts of the various items therein reported. Respondent has treated as a joint return of husband and wife the return for 1925 filed by petitioner and has added to the income disclosed thereby a total of $12,232.83, less deductions of $2,510.69, or a net amount of $9,722.14, of the items reported on the return filed by the trustee.

We think respondent erred in so doing. There is more to a return than the preliminary questions and answers and, while they are an important part of the return no doubt, they are only for the purpose of furnishing accurate information upon which to base a determination of taxpayer's liability, which is likewise the purpose of all the other statements and figures required by the form. We see no reason why the answers to such questions, if given in error, should not be corrected upon a proper showing of the facts. Here, the proof is that petitioner elected to file a separate return and that he included

in the return he did file only items respecting his separate individual income. The only contradiction thereto is that an affirmative answer, instead of a negative answer was given to one question. Under oath, petitioner testifies that he filed a separate return; that the answer to the third question should have been, and was intended to be, " No "; that the answer given was the result of an inadvertent mistake, and that he " never even looked at that part of the return, to be frank with you, when I signed it." We do not commend petitioner's negligence, but we agree with his contention that the answer as written was contrary to the fact and that the items of income accruing to Mrs. Foster which were added by respondent to petitioner's income should be eliminated. That applies likewise to the deductions claimed by Mrs. Foster which respondent offset against petitioner's income. We are not impressed with respondent's argument that, because no return as fiduciary upon proper form was filed by the trustee, because an exemption was erroneously claimed by the trustee and because the return filed by the trustee may have been improperly captioned, that Mrs. Foster's separate individual income may be disregarded and the income accruing to her and reported by the trustee be added to that of petitioner. Respondent has ample power to force the correction of such errors by appropriate action against the parties at fault. He may not do it by the means here attempted.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN, SMITH, and BLACK dissent.