*Decision will be entered under Rule 50.*

RICHARD ARCHBOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADRIAN ARCHBOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN ARCHBOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARCHBOLD VAN BEUREN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 89669, 89732, 89752, 90823. Promulgated December 22, 1939.

*Charles S. Jacobs, Esq.*, and *William R. Spofford, Esq.*, for the petitioners.

*Paul E. Waring, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Each of the petitioners in 1933 sold securities which he had received after 1925 from the trustee of an express *inter vivos* trust created prior to January 1, 1921, by each of two of his grandparents, and upon such sale computed his gain or loss upon the basis of the value of the securities at the time they were received by him from the trustee. The Commissioner held that the proper basis was that which would have been applicable to the trustee had the trustee sold. As to each petitioner, use of the trustee's basis resulted in a greater gain or smaller loss than the taxpayer had shown on his return, and the following deficiencies in income tax were therefore determined for 1933:

| | |
|---|---|
| Richard Archbold (Docket No. 89559) | $4, 381. 12 |
| Adrian Archbold (Docket No. 89732) | 4, 387. 09 |
| John Archbold (Docket No. 89752) | 6, 897. 44 |
| Archbold van Beuren (Docket No. 90823) | 1, 206. 05 |

The cases were submitted on four separate stipulations, which, except for specific details, are similar. The only determination called for is the proper basis, the respondent defending the use of the trustee's basis and the petitioners claiming the use of the value of the securities at the date of distribution to them. In each case the date of distribution of the securities is a different date, when each became twenty-one, between 1925 and the time of sale in 1933.

Counsel have based their opposing contentions upon the question whether the original trusts which were made prior to January 1, 1921, created vested or contingent interests, the petitioners claiming that the interests were contingent and the respondent that they were vested. It is apparently assumed by both that if the interests were contingent the securities were not acquired until actual distribution, while if the original interests were vested, the securities were acquired directly when they were transferred in trust. Thus the fulcrum of the argument is taken to be section 113 (a) (4) of the Revenue Act of 1932.[1] While the interest of each petitioner in the trust corpus was probably a contingent interest when the trust was created and remained so until he became twenty-one and received the securities

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\*   \*   \*   \*   \*   \*   \*

(4) GIFT OR TRANSFER IN TRUST BEFORE JANUARY 1,1921.—If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in section 402 (e) of the Revenue Act of 1921, or in section 302 (f) of the Revenue Act of 1924 or the Revenue Act of 1926 (relating to property passing under power of appointment) regardless of the time of acquistion.

from the trustee, and *a fortiori* was no more than a contingent interest in the specific securities which were not originally in the trust corpus, we leave that question undecided, since it does not dispose of the issue. The word "acquisition" of the property as used in the Federal revenue act is not necessarily hedged about by the common law refinements of vested and contingent interests in the corpus of the trust; certainly not if there are other grounds upon which a proper construction should rest.

It is true that, speaking with meticulous accuracy, the property sold by petitioners—that is, the very securities—was acquired by them not by a transfer in trust but by a transfer out of trust. But such a literal construction would defeat the plain purpose of the basis provision of the statute since 1921. This purpose was primarily to tax the increment in value of gift property between the time it is bought by the donor and the time thereafter when by sale or other taxable disposition by the donee there is a taxable occasion. The purpose of the plan was expounded and approved in *Taft* v. *Bowers*, 278 U. S. 470, relating to direct gifts. In the 1924 Act, gifts by way of trust were expressly dealt with to the same effect. Taxing the increment carried with it the correlative allowance for deduction of losses.

Petitioners, however, would have it held that, although the legislative purpose is fairly plain, the statutory language "transfer in trust" falls short of achieving it. As to gifts by trust to a contingent beneficiary, the increment in value between the trustee's acquisition and a sale by him is taxed but the increment between the trustee's acquisition and its distribution to the beneficiary would escape tax. The term "transfer in trust" is not so clear that it must be construed to permit this hole in section 113, even though the refusal to exempt the gain has the incidental result of allowing the greater deduction for loss. When the distributee sells property received by virtue of a trust made before January 1, 1921, his basis is that which would have been applicable to the trustee. As to property received by the taxpayer in distribution which had been acquired by the trustee by purchase, such basis is cost to the trustee, which is the basis to the last preceding owner who acquired otherwise than by gift. As to property received in distribution which the trustee had acquired by the original transfer by the settlor, the basis is value at the time of the original transfer.

The respondent's determination is sustained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

KERN dissents.

---

BLACK, dissenting: It is the contention of petitioners in these proceedings that in the deeds of trust involved there were no words mak-

ing a present gift of the remainders to the petitioners. That the only so-called "words of gift" are found in the direction to transfer the *corpora* of the trusts to the respective petitioners upon the happening of a future contingency, viz., their reaching the age of twenty-one years; that in view of this, it follows that futurity was annexed to the substance of the gifts and, therefore, the time of vesting of the remainders was suspended until the happening of the contingency upon which the gift was limited.

The law of New York controls the question whether the remainders were vested or contingent. *Forbes* v. *Commissioner*, 82 Fed. (2d) 204. Under the laws of New York, I think they were contingent. *Lewisholm* v. *Henry*, 179 N. Y. 352; *Dickerson* v. *Sheehy*, 156 App. Div. 101; affirmed without opinion, 209 N. Y. 592. If, under the deeds of trust involved in these proceedings, the remainder interests of petitioners were contingent, then they did not "acquire" the property within the meaning of section 113 (a) (4) of the Revenue Act of 1932 until the happening of the contingency upon which the remainders were limited. Then it was that their interest in the property became vested. *Lane* v. *Corwin*, 63 Fed. (2d) 767; *Pringle* v. *Commissioner*, 64 Fed. (2d) 863; *Forbes* v. *Commissioner*, *supra*. The vesting of the interest of the petitioners in the properties here involved occurred at the time each of them reached the age of twenty-one years and the securities were distributed to them. The fair market value on that date, I think, is the basis which should be used for determining gain or loss, rather than the basis determined in the majority opinion.

For the reasons I have stated, I respectfully dissent from the views of the majority.

ARUNDELL, VAN FOSSAN, MURDOCK, and DISNEY agree with this dissent.