**WALTER'S TRUST v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7855.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 3, 1941.

Decided March 17, 1942.

Sanford D. Beecher, of Philadelphia, Pa. (John S. McConaghy and Duane, Morris & Heckscher, all of Philadelphia, Pa., on the brief), for appellants.

Sherley Ewing, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for appellee.

Before BIGGS, MARIS, and GOOD-
RICH, Circuit Judges.

GOODRICH, Circuit Judge.

The sole question in this case concerns the basis of determination of gain in the sale of shares of stock by the Caroline S. Walter Trust, etc., the petitioner, in 1935 and 1936. Petitioner contends that the criterion is the fair market value of the shares as of 1918; the Commissioner, with whom the Board of Tax Appeals agreed, asserts it to be that of 1935. Neither side disputes the other's figures once the basis is established. The relevant statutory provisions are paragraphs (2), (3), and (4) of § 113(a) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev. Code, § 113(a) (2–4). A brief summary of the facts presents the legal issue upon which the litigation turns.

In 1918 William E. Walter transferred corporate shares (including those subsequently sold and out of which sale this controversy arises) to named individual trustees. According to the terms of the instrument, the settlor was the life beneficiary of the income. There was a provision for a small charitable gift following his death, with remainder to his children for life, with gifts over, and provisions for distribution in case of death of beneficiaries. The instrument contained no power of revocation. Nevertheless, the settlor purported to change its terms in a series of attempted alterations. In 1920 he made provision for substitute trustees if needed. In 1924 he executed a document changing the shares of his children and subsequent beneficiaries. Three years later he purported to change the trustees. In 1928, his wife having sued him for divorce, an agreement was made with her by which she was assigned a sum from the income of the trust; at the same time the settlor in terms revoked the amendment of 1924. Again in 1932, subsequent to the securing of an absolute divorce by the wife, he and other parties in interest in the trust entered into an agreement in which the settlor acknowledged the irrevocability of the original instrument, promised to make no more attempts to modify it, created the Girard Trust Company the depository and ratified the pay-

ments provided for in the 1928 arrange-
ment.

In 1933 the settlor brought an action in which he sought to avoid both the 1928 and the 1932 transactions. The outcome was a stipulation of settlement which was approved by the Court of Common Pleas of Philadelphia County in March 1935. In it all parties agreed on a division of the trust. One half went to the settlor payable partly to him and partly to other designated beneficiaries. The other part became the trust which is the petitioner in this case. The beneficiaries of this portion were Mrs. Walter and the four children of his first marriage.

Subsequent to this transaction petitioner sold certain of the shares of stock and the question here is the correct basis for ascertaining the gain or loss from the sale.

■ It is contended that the petitioner is a continuation "of the 1918 trust" and comes expressly under the words of the statute.[1] The Commissioner, on the other hand, argues that the Board found that the 1918 trust had terminated and that this finding is one of fact to be sustained because supported by substantial evidence. With the reason we disagree; we believe that the decision concerning the termination of the trust is a legal conclusion based on the facts shown and not itself a fact. That legal conclusion is to be determined by the law of Pennsylvania, where these events occurred, as pronounced by the courts of that state. If the applicable rule declares that the facts recited above effected a termination of the original trust, then clearly the petitioner is right and § 113(a) (4) governs this case. If the law is to the contrary then the further question becomes pertinent, namely what basis is required under § 113(a) (2) or (3).

■ The Supreme Court of Pennsylvania has held that where all the beneficiaries of a trust are not, or may not be, yet in existence, then living cestuis que trustent and the settlor cannot terminate the trust prematurely. In re Jones' Trust Estate, 1925, 284 Pa. 90, 130 A. 314; King v. York Trust Co., 1923, 278 Pa. 141, 122 A. 227, 229. In the latter case, as in this, the trust provided for gifts to the children of the settlor, who was still living. This

---

[1] § 113(a) (4). "Gift or transfer in trust before January 1, 1921. If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition."

led the court to the position that since he might have still more children, it was inevitable that "it cannot be now determined that all the parties in interest are before the court". The same might well be applicable to this case.

On the other hand, it cannot be doubted that the 1935 transaction did produce substantial alterations in the original instrument. The trustees were changed. New beneficiaries (the second Mrs. Walter and the settlor's adopted children) came into one part of the "new" trust; the settlor's first wife and his children came into the trust set up with the other half. The interest of the latter was certainly changed. In the original trust they were remaindermen in the whole trust; since 1935 they are life tenants of one half interest in the Caroline S. Walter trust and remaindermen as to the rest. The settlement agreed upon by the parties was confirmed by court decree, and those who consented thereto are not in a position to complain.

▮ It is not necessary however that we decide the question whether the 1918 trust was terminated, for there is another string to the petitioner's bow. It is said that even if we do not have here a continuation of the 1918 trust the 1918 value should still be the basis on which the gain on the shares sold is estimated, because of § 113(a)(3).[2] That section has to do with transfers in trust after December 31, 1920. It provides that "If the property was acquired after December 31, 1920, by a transfer in trust * * * the basis shall be the same as it would be in the hands of the grantor * * *".[3] Who, then, was the "grantor" of the Caroline S. Walter trust created by the arrangement which was given court approval in March 1935? The Commissioner says it is Mr. Walter, the original settlor; first, because Walter had such an interest in the original trust that it could not be terminated or modi-

fied without his consent and, secondly, because, at least up until the time of the 1928 arrangement, he was the sole life beneficiary. This argument is not convincing. When a trust is created which gives one person the income for life with remainders over to others following the termination of the life estate, the result is to make them all owners of equitable interests in the trust property. 1 Scott, The Law of Trusts (1939) § 130. If, subsequently, the owner of the beneficial life interest carves out a portion of that and transfers it to another, such transferee then also becomes an owner of a part of the life interest. If all of these people join in a transaction whereby new interests are created we think they are all grantors of their respective interests and grantees of such new interests as come to them from the arrangement. It is not necessary, in the event of termination of a trust by consent of all parties in interest, that the corpus first be revested in the settlor who then effects a new grant under the agreed conditions. It is a cancellation of the old and the creation of a new trust if the intermediate step is omitted and the property conveyed directly to the original beneficiaries. Restatement, Trusts (1935) § 338, comment a. It can all be done in a single transaction. 3 Scott, The Law of Trusts (1939) 1860. In this particular instance all parties in interest in the trust joined in the arrangement which culminated in 1935.[4] They were grantors of the new trust.

The basis of gain or loss in sales by the new trust is, under the statute, the basis that it had in the hands of the grantors. That this was the 1918 basis is apparent. If the cestuis of the 1918 trust had, after 1920, received their respective shares of the corpus of that trust and sold them, instead of using them as the res of a new trust, the basis to be employed in deter-

---

[2] It is immaterial to the decision in this case (no question of loss being involved herein, cf. Commissioner of Internal Revenue v. Warren Webster Trust No. 1 et al., 3 Cir., 122 F.2d 915) whether the events here are considered as constituting a gift by a transfer in trust or a mere transfer in trust. If the former, paragraph (2) governs; if the latter, paragraph (3). In either event the law as to basis is the same.

[3] This paragraph goes on to provide that the basis is to be "increased in the amount of gain or decreased in the

amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made". This means nothing more than that the basis first determined is to be adjusted for any of the items mentioned which were actually recognized and accounted for at the time of the transfer. See Report of Senate Finance Committee, 68th Congress, 1st Session, S. Rept. 398.

[4] It is to be remembered that this is on the assumption that these parties could and did terminate the 1918 trust.

mining gain or loss from such sale would have been the fair market value of what was sold, as of 1918. Archbold v. Commissioner of Internal Revenue, 40 B.T.A. 1238, affirmed Archbold v. Helvering, 2 Cir., 115 F.2d 1005, certiorari denied Archbold v. Commissioner of Internal Revenue, 1941, 313 U.S. 584, 61 S.Ct. 1094, 85 L.Ed. 1540. The 1918 basis, then, is the basis to the grantors.

The decision of the Board of Tax Appeals is reversed and the case remanded for further proceedings consistent with this opinion.